UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AMANDA M. WITTMANN,

                    Plaintiff,

          v.

THE CITY OF ASOTIN, WASHINGTON;
LEE W. REED, CHIEF, ASOTIN POLICE
DEPARTMENT; CHERYL A. THOMPSON;
and WPMP,

                    Defendants.

NO. CV-12-0073-EFS

**ORDER DENYING ASOTIN
DEFENDANTS' MOTION TO
DISMISS AND GRANTING IN PART
PLAINTIFF'S MOTION FOR LEAVE
TO AMEND**

     This matter comes before the Court on Defendants the City of Asotin,
Washington, Lee W. Reed, and Asotin Police Department's (hereinafter
"Asotin Defendants") Motion Under FRCP 12(B) [sic] for Dismissal for
Failure to State a Claim and for Lack of Subject Matter Jurisdiction, ECF
No. 9, and Plaintiff Amanda M. Wittmann's Motion to Amend Complaint, ECF
No. 16.  After reviewing the parties' submissions, the record in this
matter, and applicable authority, the Court is fully informed.  For the
reasons discussed below, the Court denies the Asotin Defendants' motion
with leave to renew, and grants Ms. Wittmann partial leave to amend her
Complaint.

//

/

ORDER ~ 1

**I.   Background**[1]

In March of 2009, Ms. Wittmann was living with Defendant Cheryl Thompson and Ms. Thompson's 13-year-old son WPMP.   During this time period, Ms. Thompson received reports from friends or acquaintances that Ms. Wittmann had been seen kissing WPMP in a car, and reported this information to the Asotin Police Department.   Ms. Thompson and WPMP were interviewed by Asotin Chief of Police Lee W. Reed, but Ms. Wittmann was not interviewed or otherwise contacted.   Chief Reed referred the matter to the Asotin County Prosecutor, and on April 16, 2009, an Information charging Ms. Wittmann with Second Degree Rape of a Child was filed and a warrant issued for Ms. Wittmann's arrest.

Ms. Wittmann, meanwhile, had moved to New York before the Information was filed.   Ms. Wittmann learned through a friend in law enforcement that a warrant had been issued for her arrest, and voluntarily turned herself in to authorities in New York.   Ms. Wittmann was held in New York for some time before being transferred to Asotin

---

[1]    This "background" section is based on the factual allegations contained in the Complaint, ECF No. 1.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   The Court assumes to be true those portions of the Complaint that "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," but does not afford the presumption of truth to allegations that "simply recite the elements of a cause of action."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

County on May 30, 2009.  On June 2, 2009, a bail hearing was held, and Ms. Wittmann's bail was set at $50,000.00.  Being unable to raise funds to secure a bond, Ms. Wittmann remained in jail and was appointed defense counsel.

Ms. Wittmann's court-appointed attorney filed several motions on her behalf, including a request for a forensic examination of the alleged victim, which were denied.  Ms. Thompson and WPMP also refused to submit to an evaluation.  On September 21, 2009, Ms. Thompson's attorney entered into a stipulation with the prosecuting attorney under which Mr. Wittmann would undergo a polygraph examination, the results of which would be admissible at trial.  The polygraph was administered that same day.  The results of the polygraph demonstrated that Ms. Wittmann was innocent of the crime she had been charged with, and the prosecutor voluntarily dismissed the charges against her.

Ms. Wittmann was incarcerated for a total of 115 days between May 30, 2009, and September 21, 2009.  During that time, she continually and consistently denied the allegations against her.  Ms. Wittmann believes that WPMP fabricated the complaint against her, and that Ms. Thompson was "complacent in her failure to cooperate to determine whether the allegations were valid," ECF No. 1 ¶ 2.19, which the Court takes to mean that Ms. Thompson was complicit in WPMP's deceit.

On or about March 18, 2009, the Mayor of Asotin received a complaint letter from the Asotin County Victim Witness Unit that discussed "delays and irregularities" regarding Chief Reed and the Asotin Police Department.  On May 7, 2009, Detective Cristal A. Harris of the Asotin County Sheriff's Office wrote a letter to the Mayor of Asotin complaining

of a number of issues with Chief Reed "including responses to calls, writing reports, making arrests if necessary, the lack of indexing information into the system, and making copies of reports and filing them." *Id*. ¶ 2.15. Sometime in May of 2009, Chief Reed resigned to avoid termination for cause.

Ms. Wittmann filed the Complaint in this matter on January 27, 2012, asserting that the Court had jurisdiction under 28 U.S.C. § 1343 (granting jurisdiction over civil actions arising under 42 U.S.C. § 1985) and 42 U.S.C. § 1985 (creating cause of action for conspiracy to interfere with civil rights). The Complaint asserts claims for negligence, gross negligence, and recklessness with regard to Ms. Wittmann's "wrongful incarceration." ECF No. 1 ¶¶ 3.2-3.4. On March 16, 2012, Ms. Thompson filed her Answer pro se. ECF No. 6. On March 22, 2012, the Asotin Defendants filed the instant motion to dismiss. ECF No. 9. On April 11, 2012, Ms. Wittmann filed the instant motion for leave to amend her complaint. ECF No. 16.

**II. Motion to Dismiss**

    **A.  Legal Standard**

The Asotin Defendants bring their motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which dictates that a complaint may be dismissed if the factual allegations contained therein do not plausibly show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the substance of the Asotin Defendants' argument is that the Court is without subject matter jurisdiction over Ms. Wittmann's Complaint because it does not state a federal cause of action and the

requirements of the diversity jurisdiction statute, 28 U.S.C. § 1332, are not met.  As such, the Asotin Defendants' motion is best construed as a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

It is a fundamental precept that federal courts are courts of limited jurisdiction and that federal district courts may not hear cases over which they do not have subject matter jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court. *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001).  At the pleading stage, this burden is met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *U.S. ex rel. Aflatooni v. Kitsap Physicians Servs.*, 163 F.3d 516, 525 (9th Cir. 1999) (citing *McNutt v. Gen. Motors Accept. Corp. of Ind.*, 298 U.S. 178, 188 (1936)).

## B.  Discussion

Here, it is clear that the Complaint does not include sufficient allegations to show that subject matter jurisdiction is proper.  While the Complaint does cite 42 U.S.C. § 1985 in its "Jurisdiction" section, it does not include any allegations that Defendants conspired to deprive Ms. Wittman of her constitutional rights and this claim is not listed as a cause of action.  Nor do the Complaint's bare allegations of negligence suffice to establish federal subject matter jurisdiction.  Ms. Wittmann acknowledges this in her response, and instead asks that the Court grant her leave to amend her complaint.  Accordingly, and for the reasons

discussed below, the Court denies the Asotin Defendants' motion to dismiss at this time.

**III. Motion for Leave to Amend**

    **A.   Legal Standard**

    A party may amend her complaint after a responsive pleading has been served "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing Co.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citation omitted).

    **B.   Discussion**

    Ms. Wittmann seeks to amend her complaint and replace her originally-plead tort claims with the following claims: a § 1983 claim for violation of her procedural due process rights against Chief Reed; a § 1983 due process claim against the City of Asotin and the Asotin Police Department; an intentional infliction of emotional distress claim against Ms. Thompson and WPMP; a malicious prosecution claim against Ms. Thompson and WPMP; and a malicious prosecution claim against the Asotin

1   Defendants.  The Asotin Defendants oppose Ms. Wittmann's motion, arguing

2   that the Complaint must be dismissed outright because the Court lacks

3   subject matter jurisdiction; alternatively, the Asotin Defendants request

4   an award of fees and costs related to bringing their motion to dismiss

5   under Federal Rule of Civil Procedure 11.  Ms. Thompson and WPMP have not

6   responded to Ms. Wittmann's motion.

7        Under the circumstances, the Court grants Ms. Wittmann leave to

8   amend her Complaint.  Ms. Wittmann did not unduly delay in filing her

9   motion to amend, which was filed less than three months after the

10   Complaint and just weeks after the Asotin Defendants' motion to dismiss.

11   Furthermore, Ms. Wittmann has not previously amended her Complaint, no

12   Defendants have identified how they would be prejudiced by amendment, and

13   there has been no allegation of bad faith on Ms. Wittmann's behalf.  And

14   the Court rejects the Asotin Defendants' argument that this matter must

15   be dismissed outright for lack of subject matter jurisdiction because the

16   Ninth Circuit permits courts to allow parties to cure jurisdictional

17   defects by amendment even in cases where the original Complaint does not

18   establish subject matter jurisdiction.  *See Tosco Corp. v. Cmtys. for a*

19   *Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (Courts alerted to a

20   defect in federal jurisdiction "must dismiss the case, unless the defect

21   [can] be corrected by amendment." (quoting *Smith v. McCullough*, 270 U.S.

22   456, 459 (1926)).  For these reasons, and because leave to amend should

23   be "freely given," the Court grants Ms. Wittmann leave to amend her

24   Complaint.

25   //

26   /

ORDER ~ 7

1    However, after careful review of the proposed amended complaint, ECF

2    No. 17, the Court finds that the addition of Ms. Wittmann's malicious

3    prosecution claim against Ms. Thompson and WPMP would be futile.  While

4    a malicious prosecution claim can be brought against a private citizen

5    who maliciously files a *civil* lawsuit, a malicious prosecution claim

6    cannot be brought against a private citizen for supplying information

7    that leads to a criminal prosecution, because malicious prosecution

8    requires showing that the defendant "initiated or continued a principal

9    action." *Loeffelholz v. C.L.E.A.N.*, 119 Wn. App. 665, 695 (2004) (citing

10   *Peaslet v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 497 (1942)).  Here,

11   neither Ms. Thompson nor WPMP initiated or continued an action against

12   Ms. Wittmann, and Ms. Wittmann's proposed malicious prosecution claim

13   thus fails as a matter of law.  Accordingly, Ms. Wittmann is directed to

14   re-file her proposed amended complaint without the malicious prosecution

15   claim contained in paragraphs 6.1-6.6.

16   Though the Court holds that Ms. Wittmann's original Complaint fails

17   to properly allege federal subject matter jurisdiction, the Court finds

18   that an award of attorney's fees and costs to the Asotin Defendants is

19   inappropriate at this time in light of the brief delay, lack of

20   prejudice, and absence of bad faith discussed above.  Finally, by

21   granting Ms. Wittmann leave to amend her complaint, the Court expresses

22   no opinion on the propriety of the claims contained in the amended

23   complaint, and nothing in this Order should be construed as preventing

24   the Asotin Defendants, Ms. Thompson, or WPMP from challenging the amended

25   complaint in motions practice.

26   /

**IV.   Conclusion**

For the reasons discussed above, **IT IS HEREBY ORDERED**:

1.   The Asotin Defendants' Motion Under FRCP 12(B) [sic] for Dismissal for Failure to State a Claim and for Lack of Subject Matter Jurisdiction, **ECF No. 9**, is **DENIED with leave to renew.**

2.   Ms. Wittmann's Motion to Amend Complaint, **ECF No. 16**, is **GRANTED in part and DENIED in part**.  Ms. Wittmann is directed to promptly re-file her proposed amended complaint as set forth above.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel and Ms. Thompson.

**DATED** this ____16th____ day of May 2012.


_____
                    S/ Edward F. Shea
                    EDWARD F. SHEA
               United States District Judge

Q:\Civil\2012\73.dismiss.amend.lc2.wpd

ORDER ~ 9